UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSI P. TALEYARKHAN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 4:10 CV 39 |
| ) | |
| PURDUE UNIVERSITY, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION and ORDER

I.  BACKGROUND

Plaintiff Rusi P. Taleyarkhan alleges that in 2002, he led a team of scientific researchers in the discovery of sonofusion (often referred to as "bubblefusion"), a discovery that was highly significant because it marked the breaking of the fusion barrier for the first time in world history. (Compl. 3.) The results of plaintiff's experiments were published in the prestigious *Science* magazine that same year. Over the next few years, plaintiff alleges that he and his team developed a table-top fusion device. Plaintiff continued to publish his team's discoveries in various scientific journals, and his findings received worldwide attention. (Compl. 4.)

In 2003, plaintiff began working for defendant Purdue University as a professor and researcher. **(**Compl. 3-4.) Plaintiff alleges that it soon became apparent that a University administrator, "L. Tsoukalas," "was gearing up to malign [plaintiff.]" (Compl. 4.) Over time, Tsoukalas began calling plaintiff's sonofusion research into question. Plaintiff alleges that Tsoukalas organized investigatory committees and

accused plaintiff of research misconduct to the press and public, despite University standards prohibiting such activity. Plaintiff further alleges that Tsoukalas criticized plaintiff's research to reporter Eugenie Reich, who published numerous articles in *Nature Magazine* in 2006 and 2007 regarding plaintiff's alleged discovery and the controversy surrounding it.

Plaintiff alleges that he was stripped of titles, funding, and positions on committees, and otherwise subjected to "cruel and unjust sanctions" as a result of the investigations into his research, without the due process guaranteed by defendant's own policies. (Compl. 4-5.) Plaintiff further alleges that the rumors and harassment he experienced were the result of the bias of defendant and its staff against those of Indian descent, and that he experienced racial name-calling and ridicule at the hands of defendant's staff. (Compl. 5.)

Plaintiff filed a charge of discrimination with the Equal Employment Oportunity Commission (the "EEOC"), which in turn issued plaintiff a "Notice of Right to Sue," dated February 10, 2010, informing plaintiff that he had 90 days within which to file his own law suit. On May 4, 2010, plaintiff filed this *pro se* lawsuit, alleging that defendant violated Title VII of the Civil Rights Act (Counts II and III) and committed several torts, including defamation (Count I), intentional infliction of emotional distress (Count IV), and negligent infliction of emotional distress (Count V). (Compl. 6-10.) Defendant has now moved to dismiss some of the claims. (DE # 8.) Plaintiff filed a *pro se* response (DE # 16), and defendant filed a reply (DE # 17). The motion is now ripe for ruling.

## II. LEGAL STANDARD

Defendant has moved to dismiss plaintiff's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Development, LLC v. Nat'l City Bank*, 595 F.3d 759, 763 (7th Cir. 2010).

## III. DISCUSSION

### A. Indiana Tort Claims Act

Plaintiff has alleged at least three causes of action that sound in tort: defamation (Count I),[1] intentional infliction of emotional distress (Count IV), and negligent infliction of emotional distress (Count V). Defendant argues that these claims must be dismissed because plaintiff did not provide a timely tort claim notice as required under the Indiana Tort Claims Act ("ITCA").

Each of plaintiff's tort claims is subject to the ITCA's procedural and substantive requirements. *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 648 (7th Cir. 2006) (citing *Bienz v. Bloom,* 674 N.E.2d 998, 1003 (Ind. Ct. App. 1996) ( "[O]ur supreme court has held that the Act applies to all torts.")). "Compliance with the ITCA is a prerequisite to pursuing a tort claim against a state university, such as the Defendant, regardless of whether suit is filed in state or federal court." *Id.* As the Seventh Circuit has explained, "[o]ne of ITCA's requirements is to give notice of tort claims to the defendant's government body, in this case the Defendant itself, within 180 days after the alleged losses occur." *Id.* at 648 (citing IND. CODE § 34-13-3-8(a); § 34-6-2-110(7)). "The purpose of the notice is to provide an opportunity for [the defendant] to investigate, determine liability and prepare a defense to the tort claim." *Orem v. Ivy Tech State College,* 711

---

[1] Defendant suggests that plaintiff may also be alleging the tort of false light invasion of privacy. (DE # 9 at 7.) The court notes that if plaintiff did indeed intend to allege such a claim, it would survive this motion to dismiss for the same reasons as his defamation claim.

4

N.E.2d 864, 869 (Ind. Ct. App. 1999). The assertion that a plaintiff has failed to comply with the ITCA notice requirements is an affirmative defense. *Brown v. Alexander*, 876 N.E.2d 376, 383-84 (Ind. Ct. App. 2007).

Plaintiff's complaint does not contain facts regarding whether he did or did not provide defendant with the appropriate notice under the ITCA. However, "complaints need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). True, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense," *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003), but a plaintiff's omission of facts from his complaint which would ultimately defeat an affirmative defense does not justify dismissal. *Id.; Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006). Accordingly, plaintiff's silence on the ITCA in his complaint is not dispositive.

Defendant argues that plaintiff never provided notice of his tort claims to defendant prior to filing this lawsuit, providing the declaration of Roseanna Behringer, Secretary of the Board of Trustees of Purdue University, in support of its argument. (DE # 9-1.) The court's duty in evaluating a motion to dismiss is to evaluate the sufficiency of the complaint, not to examine evidence outside of the pleadings. *See Reger,* 595 F.3d at 763; FED. R. CIV. P. 12(d). The court could not consider Behringer's declaration unless it first converted defendant's RULE 12(b)(6) motion to dismiss into a RULE 56 motion for summary judgment and allowed a reasonable time for both parties to submit materials pertinent to the motion. FED. R. CIV. P. 12(d) (motion to dismiss pursuant to RULE

5

12(b)(6) must be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court"). The decision whether to convert a motion to dismiss into a motion for summary judgment is left to the discretion of the court. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

Having examined the issue, and given plaintiff's *pro se* status in this case, the court finds it would only serve to confuse and complicate matters if it converted this motion to dismiss into a motion for summary judgment to decide this issue alone. Instead, the court denies defendant's motion to dismiss on this point; defendant has the opportunity to present the issue of plaintiff's compliance with the ITCA in a motion for summary judgment if it so chooses. At that time, both sides would have the opportunity to fully brief the issue and present any and all evidence on the matter.

### B. Statute of Limitations on Tort Claims

Defendant also argues that plaintiff's tort claims are barred by the statute of limitations. Under Indiana law, any actions for "injury to person or character" are subject to a two-year statute of limitations. IND. CODE § 34-11-2-4. Plaintiff's claims of defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress are all governed by this statute.

The assertion that a plaintiff's claim is barred by the statute of limitations constitutes an affirmative defense. *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). As the court previously indicated, the purpose of a RULE 12(b)(6) motion is to identify defects in a plaintiff's claim, not the presence of a

6

defendant's affirmative defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004) (finding district court erred in dismissing claim on RULE 12(b)(6) motion raising statute of limitations defense). The Seventh Circuit has held that "[o]rders under RULE 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain *any* information about defenses and may not be dismissed for that omission. . . . Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under RULE 12(b)(6)." *Id.* (emphasis in original).

In this case, plaintiff has not pleaded himself out of court because he has not admitted all of the ingredients of a statute of limitations defense. Defendant emphasizes the fact that plaintiff's allegations include references to numerous articles published between 2006 and 2007. According to defendant, by the time plaintiff filed his complaint on May 4, 2010, the statute of limitations had already expired on his opportunity to seek redress in tort for harm allegedly caused by these publications. However, plaintiff did not plead himself out of court by listing the dates on which the articles were published. "In general, the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew of or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Filip v. Block,* 879 N.E.2d 1076, 1082 (Ind. 2008). The complaint does not contain facts indicating when plaintiff knew or could have discovered the alleged injury

7

to his reputation resulting from these articles. It may have been the same day of the publication, or it may have been years later. It is simply not clear from the allegations in the complaint, and plaintiff cannot be punished for failing to include any allegations on this issue in his complaint.

The same goes for defendant's other allegedly tortious acts. For example, plaintiff does not allege on what precise date he learned of the alleged injuries to his reputation occurring when defendant allegedly defamed him by stating that plaintiff was to be deported and sent to jail for fraud and violation of federal laws constituting criminal acts. (Compl. ¶ IV.) The fact that he did not do so does not make his complaint insufficient. Similarly, plaintiff does not allege on what precise date he experienced injury in the form of emotional distress, and he did not need to do so. In sum, whether defendant has a statute of limitations defense sufficient to bar plaintiff's claims for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress is one the court cannot decide in the context of the present motion to dismiss. If defendant desires to have this matter decided before trial, it may address the issue in a motion for summary judgment in accordance with the FEDERAL RULES OF CIVIL PROCEDURE and the LOCAL RULES of this District, along with supporting evidence.

### C.    Title VII Claim Against Individuals

Defendant argues that plaintiff's Title VII claim against any individual defendants should be dismissed because the individuals would not fit the statutory definition of "employer." Presently there exists only one defendant in this case: Purdue

University. Plaintiff has suggested that he may amend his complaint to name additional defendants in this case (*see, e.g.,* Compl. 3), but he has not yet done so. Therefore, defendant's motion to dismiss is denied to the extent that it seeks a ruling from this court on the legality of Title VII claims against individual defendants which have not yet been named, because such a ruling would be merely advisory. *Socha v. Pollard,* 621 F.3d 667, 670 (7th Cir. 2010) (holding that advisory opinions are impermissible under Article III of the Constitution).

### D. Punitive Damages Under Title VII

Defendant also seeks to dismiss plaintiff's Title VII claim to the extent that he seeks punitive damages. Title VII does not allow for the recovery of punitive damages against a "government, government agency, or political subdivision." 42 U.S.C. § 1981a(b)(1). Defendant, a state university, is an arm of the State of Indiana. *See Kashani v. Purdue Univ.,* 813 F.2d 843, 844 (7th Cir. 1987) (holding that Purdue University is "an arm of the state entitled to the protection of the Eleventh Amendment"). Accordingly, Title VII does not allow plaintiff to recover punitive damages against defendant. *See Googerdy v. N.C. Agr. and Tech. State Univ.,* 386 F. Supp. 2d 618, 625 (M.D.N.C. 2005) (dismissing request for punitive damages because Title VII provided state university with immunity from such damages); *Singleton v. Univ. of Calif.,* No. C-93-3496 MHP, 1995 WL 16987, at *3 (N.D. Cal. Jan. 6, 1995) (same). Plaintiff's Title VII claim, to the extent punitive damages are requested, must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 8) is **GRANTED,** in part, and **DENIED** in part. Plaintiff's prayer for punitive damages under Title VII is dismissed. Plaintiff's other claims, including plaintiff's Title VII claim to the extent that he seeks non-punitive damages, remain.

**SO ORDERED.**

Date: August 23, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT