UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

RUSI P. TALEYARKHAN,           )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 4:10 cv 39
                               )
PURDUE UNIVERSITY,             )
                               )
          Defendant            )


OPINION AND ORDER

This matter is before the court on the Request for Motion to
Compel Discovery Material [DE 25] filed by the plaintiff, Rusi
Taleyarkhan, on August 8, 2012.  For the reasons set forth below,
the motion is **DENIED**.

Background

In 2002, the plaintiff, Rusi P. Taleyarkhan, led a team of
scientific researchers in the discovery of sonofusion.  His work
was published in various magazines and journals.  Over the next
few years Taleyarkhan and his team developed a table-top fusion
device.  The defendant, Purdue University, recruited Taleyarkhan
in 2003 as a professor and researcher.  While employed at Purdue,
a university administrator, L. Tsoukalas, began calling Taleyar-
khan's sonofusion research into question.  Taleyarkhan alleges
that Tsoukalas organized investigatory committees and publicly
accused Taleyarkhan of research misconduct.  Taleyarkhan further

alleges that he suffered harassment in the form of racial name-calling and ridicule at the hands of Purdue's staff because of his Indian descent.

The Office of Naval Research launched a federal investigation on Taleyarkhan's work which was overseen by Holly Adams, the Inspector General for the Office of Naval Research, from 2007-2009. Taleyarkhan alleges that Adams subsequently was removed from her position as inspector general as a result of having engaged in improper conduct during her investigation, including having personal communications with two individuals at Purdue. The investigation resulted in a conclusion that Taleyarkhan committed misconduct. Taleyarkhan complains that the Navy's investigation led to the misconduct finding by Purdue and subsequent sanctions, including being stripped of titles, funding, and positions on committees.

Taleyarkhan filed a charge of discrimination with the Equal Employment Opportunity Commission. He was issued a Notice of Right to Sue on February 10, 2010, and filed his *pro se* complaint on May 4, 2010, alleging that the defendant violated Title VII of the Civil Rights Act and committed several torts, including defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Purdue moved to dismiss Taleyarkhan's claims, but the motion was denied on all accounts

except Taleyarkhan's request for punitive damages on his Title VII claim.

The court held a telephonic status conference on June 22, 2012, and set discovery deadlines. Taleyarkhan now moves to compel the non-party Office of Naval Research to provide an unredacted copy of its investigation report. He previously requested a copy of the report under the Freedom of Information Act and received a redacted copy, which was filled in by an investigative reporter. Taleyarkhan claims that the information could play a pivotal role in the outcome of the case.

Taleyarkhan also requests an order compelling production of unredacted e-mail correspondence between Adams, Congressman B. Miller, and Purdue employees. Taleyarkhan previously requested copies of the e-mails, but the Department of Naval Research declined, explaining that Adams' e-mails to Purdue employees were personal and that her e-mails to five other people, including Congressman Miller, had been located, but the electronic files had been corrupted and could not be recovered.

## Discussion

Taleyarkhan first requested the information sought in his motion from the Office of Naval Research under the Freedom of Information Act (FOIA). The Office of Naval Research provided the documents but redacted certain information, citing to spe-

cific exemptions to the FOIA.  The FOIA makes information main-
tained by government agencies available to any person on request.
5 U.S.C. §552(a); 33 Charles Alan Wright & Arthur R. Miller,
*Federal Practice and Procedure* §8437.  An individual seeking the
information is not required to show need or relevancy, nor is the
information limited to a party to a court proceeding.  ***ACLU v.
Brown***, 609 F.2d 277, 280 (7th Cir. 1979); ***Culinary Foods, Inc. v.
Raychem Corp.***, 150 F.R.D. 122, 126 (N.D. Ill. 1993).  The FOIA
provides nine narrowly drafted exemptions to the information each
agency is required to produce.  5 U.S.C. §552(b).  When the
Office of Naval Research responded to Taleyarkhan's request, it
explained that certain information in the investigative report
was subject to exemption 7 of the FOIA, which states in relevant
part: "records or information compiled for law enforcement
purposes, but only to the extent that the production of such law
enforcement records or information . . . (C) could reasonably be
expected to constitute an unwarranted invasion of personal
privacy."  5 U.S.C. §552(b)(7)(C).

Similarly, the Privacy Act, which the Office of Naval
Research also referred to when declining to provide the requested
documents, exempts

> investigatory material compiled for law en-
> forcement purposes, other than material with-
> in the scope of subsection (j)(2) of this
> section: Provided, however, That if any indi-

4

vidual is denied any right, privilege, or
benefit that he would otherwise be entitled
by Federal law, or for which he would other-
wise be eligible, as a result of the mainte-
nance of such material, such material shall
be provided to such individual, except to the
extent that the disclosure of such material
would reveal the identity of a source who
furnished information to the Government under
an express promise that the identity of the
source would be held in confidence, or, prior
to the effective date of this section, under
an implied promise that the identity of the
source would be held in confidence . . . .

5 U.S.C. §522a(k)

Taleyarkhan asserts that the information he requested should not
be exempted from production and asks the court to issue an order
compelling the non-party Office of Naval Research to produce an
unredacted version of the report.

Requests for information under the FOIA and federal discov-
ery rules are not identical. *Culinary Foods*, 150 F.R.D. at 125.
Both allow litigants access to information, but the purpose of
the FOIA "was not to benefit private litigants by serving as a
supplement to the rules of civil discovery." *Culinary Foods,* 150
F.R.D. at 125.  When an agency refuses to provide information
sought under the FOIA, the proper recourse for the individual
requesting the information is to seek an injunction against the
agency from withholding documents that do not fall within an
exemption. *Kazacky & Weitzel, P.C. v. United States Dept. of
Treasury*, 2008 WL 2188457, *2 (N.D. Ill. April 10, 2008).  The

court cannot require a non-party to produce documents without affording it a day in court. *See* **National Spiritual Assembly of Baha'is of U.S. Under Heredittary Guardianship, Inc. v. National Spiritual Assembly of the Bahais of the United States**, 628 F.3d 837, 851 (7th Cir. 2010) ("[O]ne who is not a party to the action in which the injunction was issued cannot be bound by it is that he has not had his day in court with respect to the validity of the injunction."). However, the Federal Rules of Civil Procedure provide two mechanisms for obtaining discovery from a non-party. The information can be gathered by serving a subpoena under Rule 45 or by deposing the non-party under Rule 30. **Henderson v. Zurn Industries, Inc.**, 131 F.R.D. 560, 565 (S.D. Ind. 1990) ("In federal court . . . documents and other materials can be acquired from non-parties only through the use of a deposition and a subpoena under Rule 30 and 45.").

Because this is not an action against the Department of Naval Research for violating the FOIA and the Department of Naval Research is not named as a party, the court cannot prohibit the Department of Naval Research from withholding information that may not fall under an exemption. The proper course for Taleyarkhan to obtain discovery from the non-party Department of Naval Research would be to serve a subpoena on the department. *See* Federal Rule of Civil Procedure 45(a)(1)(A)(iii); **Peterson v.**

*Farrakhan*, 2009 WL 1543600, *3 (N.D. Ind. June 2, 2009); *Henderson*, 131 F.R.D. at 565.

The Civil Procedure Manual for the Northern District of Indiana Federal Courts explains:

> A subpoena is defined as a writ commanding a person to appear before a court or other tribunal, subject to a penalty for failure to comply or as a court order that may require a person to appear at a trial, hearing or deposition for the purpose of testifying as a witness at a specified time or else risk being held in contempt of court. There are two types of subpoenas. The first is a subpoena ad testificandum, which is a subpoena ordering a witness to appear and give[] testimony. The second is a subpoena duces tecum, which is a subpoena that orders a witness both to appear and to bring specified and relevant documents or records. In general, pursuant to Fed.R.Civ.P[ro] 45(a), parties to legal proceedings have the power to obtain a subpoena compelling a witness to appear and testify at a designated time and location.
>
> Subpoenas can be issued in blank form or signed and sealed to all parties in legal proceedings, including pro se plaintiffs/non-incarcerated pro se litigants. Requests for subpoenas can be made in person, by telephone or in writing. Subpoenas will not be issued to incarcerated/prisoner pro se plaintiffs without an order from the court.
>
> Civ.P.Manual, N.D.Ind., p. 213

If Taleyarkhan desires to obtain the information, he need only contact the Clerk's Office and request a subpoena.  If the Department of Naval Research then refuses to provide the documents, the burden would be on the Department of Naval Research to

explain the basis of its refusal.  *See Brown*, 609 F.2d at 280 ("[T]he FOIA itself puts the burden upon the agency to justify its classification of the documents" . . .) (*citing* 5 U.S.C. §552(a)(4)(B)).  Information exempted from production under the FOIA may be discoverable.  *Culinary Foods*, 150 F.R.D. at 125.  This is because the requesting party's need is not a factor in denying information under the FOIA, whereas the court must weigh the litigant's need and the government's interest in confidentiality when determining whether the information is discoverable.  *Culinary Foods*, 150 F.R.D. at 125-26.  Although the FOIA exemptions do parallel certain discovery privileges, when determining whether the information is discoverable, the court must weigh the litigant's need against the government's interest in confidentiality in light of the underlying FOIA exemptions.  *Culinary Foods*, 150 F.R.D. at 125-26.  For this reason, the information Taleyarkhan sought, although it may be exempted under the FOIA, may be subject to discovery.  At this point, Taleyarkhan must follow the proper procedures for obtaining non-party discovery before seeking court intervention.

_____

Based on the foregoing reasons, the Request for Motion to Compel Discovery Material [DE 25] filed by the plaintiff, Rusi Taleyarkhan, on August 8, 2012, is **DENIED**.

ENTERED this 24th day of October, 2012

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge