```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      LAFAYETTE DIVISION

RUSI P. TALEYARKHAN,          )
                              )
          Plaintiff           )
                              )
     v.                       )    Case No. 4:10 cv 39
                              )
PURDUE UNIVERSITY,            )
                              )
          Defendant           )
```

OPINION AND ORDER

This matter is before the court on the Request for Court Orders [DE 29] filed by the plaintiff, Rusi Taleyarkhan, on October 12, 2012; the Request to Compel Defendant to Admit [DE 31] filed by the plaintiff on October 25, 2012; the Request for Court Guidance RE: Discovery Issues [DE 37] filed by the plaintiff on November 16, 2012; and the Renewed Motion (Per Newly Revealed Materials) to Support Plaintiff's Motion for Court to Order "Requests to Admit" Matter as Admitted [DE 42] filed by the plaintiff on January 30, 2013.

For the reasons set forth below, the Request for Court Orders [DE 29] is **DENIED;** the Request to Compel Defendant to Admit [DE 31] is **GRANTED IN PART** and **DENIED IN PART;** the Request for Court Guidance RE: Discovery Issues [DE 37] is **DENIED;** and the Renewed Motion (Per Newly Revealed Materials) to Support Plaintiff's Motion for Court to Order "Requests to Admit" Matter as Admitted [DE 42] is **GRANTED.**

## Background

The plaintiff, Rusi P. Taleyarkhan, was a professor and researcher at Purdue University. Taleyarkhan's research was called into question by a university administrator. A federal investigation conducted by the Office of Naval Research subsequently was launched. Taleyarkhan complains that the investigator engaged in improper conduct, and as a result of the improper investigation, Purdue made a misconduct finding and imposed sanctions, including stripping Taleyarkhan of titles, funding, and positions on committees. He further alleges that the university administrator publically accused him of research misconduct and that he suffered harassment in the form of racial name-calling and ridicule at the hands of Purdue's staff because of his Indian descent.

Taleyarkhan filed a charge of discrimination with the Equal Employment Opportunity Commission. He was issued a Notice of Right to Sue on February 10, 2010, and filed his *pro se* complaint on May 4, 2010, alleging that the defendant violated Title VII of the Civil Rights Act and committed several torts, including defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Discovery commenced, and Taleyarkhan moved the court to compel non-party Office of Naval Research to produce an un-redacted copy of its investiga-

tion report. Taleyarkhan was instructed that the proper procedure for requesting documents from a non-party was to serve a subpoena. The record reflects that Taleyarkhan subsequently served a subpoena on the Office of Naval Research. The Office of Naval Research responded that Taleyarkhan did not follow the proper procedure for serving the subpoena and pointed him to instructions on how to send the request. Taleyarkhan re-served the subpoenas and filed proof of service on January 30, 2013.

Prior to re-serving the subpoenas, Taleyarkhan asked the court for guidance during the discovery process. Taleyarkhan advised the court that he had not received the documents he requested in the subpoena from the Office of Naval Research that he objected to Purdue's blanket objections to his requests for admissions, but that he did not know how to proceed with discovery. Taleyarkhan also filed a motion to compel Purdue to respond to his request for admissions. The court will address these motions in turn.

## Discussion

On October 12, 2012, Taleyarkhan asked the court to issue orders compelling a non-party, the Office of Naval Research, to produce certain documents. In the October 25, 2012 Opinion and Order, the court instructed Taleyarkhan that the proper course to

obtain the documents was to serve the non-party with a subpoena. For this reason, Taleyarkhan's motion is DENIED.

Taleyarkhan also asked the court for guidance with discovery, explaining that he objects to the defendant's blanket objection to his request for admissions and has not received the information requested in the subpoena he served on the Office of Naval Research. Taleyarkhan is ADVISED that the court cannot provide guidance on the proper procedures to pursue his case. The court will address the defendant's responses to Taleyarkhan's discovery requests in conjunction with Taleyarkhan's motion to compel. However, the court will construe Taleyarkhan's notification that the Office of Naval Research has not responded to his subpoena as an application for a show cause order.

Taleyarkhan originally served the subpoenas on the Office of Naval Research on November 8, 2012. Eight days later, he requested guidance from the court. Following his request for guidance, the record reflects that the Office of Naval Research instructed him on where to find the proper procedure for serving subpoenas on the Office. Taleyarkhan re-served the subpoenas and filed proof of service on January 30, 2013. It is not clear whether the subpoenas have been served properly, nor is it clear whether the Office of Naval Research has responded at this time. Taleyarkhan's request for guidance was filed prior to the Office

4

of Naval Research apprising him of the proper procedure and the re-serving of the subpoenas. For this reason, Taleyarkhan's application for a show cause order is DENIED AS MOOT. Taleyarkhan may re-file his application for a show cause order at a later time if the Office of Naval Research does not respond to the subpoenas.

Taleyarkhan also filed a motion to compel a response from the defendant of 39 requests for admission and a request for production of documents. Local Rule 26.1(b) for the Northern District of Indiana states that "[n]o party shall serve on any other party more than thirty (30) requests for admission without leave of court." For this reason, the court **DENIES** Taleyarkhan's motion to compel responses to Request for Admissions No. 31-39.

Turning to the remaining requests, a party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." **Chavez v. DaimlerChrysler Corp.,** 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* **Oppenheimer**

*Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* *Adams v. Target,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v.*

6

*Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(*examining* *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also* *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

Rule 37(a)(1) requires that a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37.1 requires that such certification reciting the date, time, and place of the conference or attempted conference and the names of all persons participating "shall be made in a separate document filed contemporaneously with the motion." L.R. 37.1(c).

Taleyarkhan has not submitted the requisite certification, highlighting the good faith effort he took to resolve the discovery disputes on his own time. In light of Taleyarkhan's *pro se* status, the court may have overlooked this omission in its entirety, but it appears that Purdue has been willing to accommodate Taleyarkhan's request for production of documents. In the letter attached to his second motion to compel, Purdue's counsel offers to make certain documents available for Taleyarkhan to review. For this reason, Taleyarkhan's request for production of documents is DENIED. Taleyarkhan is advised to consult with Purdue's counsel and arrange a date to inspect their documents.

Finally, Taleyarkhan asks the court to compel responses to his remaining 30 requests for admissions. It is true that Taleyarkhan's motion to compel also should have been accompanied

with a certificate of his good faith efforts to resolve the dispute without court intervention, but because of his *pro se* status and the lack of evidence that Purdue was willing to negotiate with regard to these discovery requests, the court will address Taleyarkhan's motion.

Taleyarkhan set forth his requests and Purdue's responses in his brief, and he represents that Purdue made a blanket objection that his requests for admissions are contrary to Federal Rule of Civil Procedure 36(a)(2) and that the requests are vague, over broad, and unduly burdensome. Purdue, who bears the burden of proof to show that the information sought is not subject to discovery, did not submit a brief in response to Taleyarkhan's motion. The court cannot accept Purdue's broad, boilerplate objections without further explanation of why the information sought is not subject to discovery. For this reason, the court finds that Purdue did not meet its burden and ORDERS Purdue to submit complete responses to Taleyarkhan's Requests for Admission Nos. 1-30.

_____

Based on the foregoing, the Request for Court Orders [DE 29] filed by the plaintiff, Rusi Taleyarkhan, on October 12, 2012, is **DENIED**; the Request to Compel Defendant to Admit [DE 31] filed by the plaintiff on October 25, 2012, is **GRANTED IN PART** and **DENIED**

9

**IN PART**; the Request for Court Guidance RE: Discovery Issues [DE 37] filed by the plaintiff on November 16, 2012, is **DENIED**; and the Renewed Motion (Per Newly Revealed Materials) to Support Plaintiff's Motion for Court to Order "Requests to Admit" Matter as Admitted [DE 42] filed by the plaintiff on January 30, 2013 is **GRANTED**.

ENTERED this 28th day of February, 2013

                                            s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge