UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RUSI P. TALEYARKHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:10-cv-39 |
| v. | ) | |
| | ) | |
| PURDUE UNIVERSITY, | ) | |
| | ) | |
| Defendant | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Quash Deposition [DE 53] filed by the plaintiff, Rusi Taleyarkhan, on March 25, 2013, and the Motion to Require Plaintiff to Attend Deposition [DE 61] filed by the defendant, Purdue University, on April 12, 2013.  For the following reasons, the Motion to Quash Deposition [DE 53] is **DENIED**, and the Motion to Require Plaintiff to Attend Deposition [DE 61] is **GRANTED**.  The plaintiff is **ORDERED** to attend the deposition scheduled for April 26, 2013.

Background

On March 18, 2013, the defendant filed a notice to take the deposition of the plaintiff, Rusi Taleyarkhan, on April 1, 2013.  Prior to filing the notice, the defendant made several attempts to schedule the deposition on a mutually agreeable date, but Taleyarkhan would not respond to their correspondence.  Taleyarkhan responded to the notice by filing a motion to quash.  The defendant rescheduled the deposition for April 26, 2013, and moved to compel the defendant to attend the deposition.  Taleyarkhan responded that he should not be required to attend the deposition because he was not given fourteen days notice, his deposition originally

was scheduled on the last day of the discovery period, and discovery has since ended.

## Discussion

The Northern District of Indiana Local Rule 30-1 states that a notice of deposition must be served at least fourteen days before the scheduled deposition. The defendant submitted its notice of deposition with the court on March 18, 2013, exactly fourteen days before the deposition. However, Federal Rule of Civil Procedure 6(d) states that when a party must act within a specified time and service is made by mail, three days are added after the period would otherwise expire. For this reason, the court must assume that Taleyarkhan received the notice less than fourteen days before the deposition. However, Federal Rule of Civil Procedure 37 also imposes a duty to act in good faith during the process of discovery. Taleyarkhan was apprised of the defendant's intent to take his deposition well before the notice to take his deposition was filed. The defendant made several attempts to contact him and to coordinate a mutually agreeable time, however, Taleyarkhan was not amenable to such discussions. It was his own reluctance to respond to the defendant's correspondence that contributed to the late filing, and the court finds that Taleyarkhan did not act in good faith in attempting to schedule his deposition. Furthermore, Taleyarkhan does not argue that he was unavailable on the date the deposition was scheduled or that the deposition notice fails for some other reason. For these reasons, Taleyarkhan's Motion to Quash Deposition [DE 53] is DENIED, and the defendant's Motion to Require Plaintiff to Attend Deposition [DE 61] is GRANTED. The plaintiff is ORDERED to attend the deposition scheduled for April 26, 2013.

ENTERED this 25th day of April, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge