UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSI P. TALEYARKHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10-cv-0039 |
| | ) |
| PURDUE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Costs and Attorney's Fees [DE 77] filed by the defendant, Purdue University, on June 11, 2013; the Renewed Motion to Compel [DE 86] filed by the *pro se* plaintiff, Rusi Taleyarkhan, on July 8, 2013; the Motion to Compel Defendant With Sanctions [DE 87] filed by Taleyarkhan on July 8, 2013; the Motion to Deem 2007-2008 Investigation as a Mistrial [DE 88] filed by Taleyarkhan on July 8, 2013; the Motion for Leave to Join USDoD/Navy as Party [DE 101] filed by Taleyarkhan on September 26, 2013; and the Motion to Extend Time to Respond to Purdue's Motion to Strike [DE 107] filed by Taleyarkhan on October 21, 2013.

For the following reasons, the Motion for Costs and Attorney's Fees [DE 77] is **DENIED**; the Renewed Motion to Compel [DE 86] is **DENIED**; the Motion to Compel Defendant With Sanctions [DE 87] is **DENIED**; the Motion to Deem 2007-2008 Investigation as a Mistrial [DE 88] is **DENIED**; the Motion for Leave to Join USDoD/Navy as Party [DE 101] is **DENIED**; and the Motion to Extend Time to Respond to Purdue's Motion to Strike [DE 107] is **DENIED**.

1

*Background*

In 2002, the *pro se* plaintiff, Rusi P. Taleyarkhan, led a team of scientific researchers in the discovery of sonofusion. The defendant, Purdue University, recruited Taleyarkhan in 2003 as a professor and researcher. While employed at Purdue, a university administrator, L. Tsoukalas, began calling Taleyarkhan's sonofusion research into question. Taleyarkhan alleges that Tsoukalas organized investigatory committees and publically accused Taleyarkhan of research misconduct. Taleyarkhan further alleges that he suffered harassment in the form of racial name calling and ridicule at the hands of Purdue's staff because of his Indian descent.

The Office of Naval Research launched a federal investigation on Taleyarkhan's work which was overseen by Holly Adams, the Inspector General for the Office of Naval Research. Taleyarkhan alleges that Adams subsequently was removed from her position as inspector general as a result of having engaged in improper conduct during her investigation, including having personal communications with two individuals at Purdue. The investigation resulted in a conclusion that Taleyarkhan committed misconduct. Taleyarkhan complains that the Navy's investigation led to the misconduct finding by Purdue and subsequent sanctions, including being stripped of titles, funding, and positions on committees.

Taleyarkhan filed a charge of discrimination with the Equal Employment Opportunity Commission. He was issued a Notice of Right to Sue on February 10, 2010, and filed his *pro se* complaint on May 4, 2010, alleging that the defendant violated Title VII of the Civil Rights Act and committed several torts, including defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Discovery commenced, and Purdue reached out to Taleyarkhan to find a mutually

agreeable date to conduct his deposition. On March 18, 2013, Purdue filed a notice to take the deposition of Taleyarkhan on April 1, 2013. Taleyarkhan responded by filing a motion to quash on March 25, 2013. Purdue prepared for the deposition and hired a court reporter to attend, but Taleyarkhan did not appear at the April 1, 2013 deposition. Purdue rescheduled the deposition for April 26, 2013, and moved the court to compel Taleyarkhan to appear. On April 25, 2013, the court granted Purdue's motion and ordered Taleyarkhan to attend. Purdue e-mailed a copy of the order to Taleyarkhan, but he did not appear at the April 26, 2013 deposition and informed the court that he did not receive a copy of the Order prior to the deposition. Upon receiving the Order, Taleyarkhan filed a motion for reconsideration. Purdue proceeded to set a new date for the deposition. The parties met on May 3, 2013, and Purdue informed Taleyarkhan that it intended to file the present motion for sanctions if Taleyarkhan would not agree to a date for his deposition. Purdue sent additional e-mails to Taleyarkhan in an effort to schedule the deposition. On May 17, 2013, the court denied Taleyarkhan's motion to reconsider and ordered him to submit to a deposition. Purdue filed its motion for sanctions on June 11, 2013, representing that Taleyarkhan had yet to agree to a date for the deposition. Taleyarkhan's deposition was conducted ten days later on June 21, 2013.

After Taleyarkhan failed to appear for his deposition, the court granted Purdue's motion to extend the discovery deadline until June 28, 2013. On March 15, 2013, Taleyarkhan filed a notice with the court of the depositions he wished to conduct. Taleyarkhan states that because he did not hear back from Purdue, he filed a second notice of the five individuals whose depositions he wanted to conduct. Taleyarkhan never contacted Purdue to schedule a mutually convenient time for the depositions. Instead, on June 14, 2013, he filed a notice to take the depositions of

3

five individuals on June 27, 2013. Two of the individuals were not available on that date. Taleyarkhan now moves to sanction Purdue for failing to produce the last two individuals for their depositions. Purdue argues that Taleyarkhan had no justification for waiting until the end of the discovery period to schedule the depositions and that he should not be permitted to take them since the discovery period has expired.

Taleyarkhan also served a request to produce documents on Purdue. Purdue agreed to make its documents available for Taleyarkhan to inspect. However, he complains that there are outstanding documents that Purdue has not produced. The parties conferred, and Purdue instructed Taleyarkhan that if he wished for Purdue to produce any other documents, he would need to be specific as to what documents he seeks. Purdue also offered to produce electronically stored information at Taleyarkhan's expense.

Taleyarkhan subpoenaed documents related to the investigation of his research and trial from the Navy. In light of these documents, Taleyarkhan now seeks to join the USDoD/Navy as a party and asks the court to declare the Navy's investigation invalid and a mistrial.

*Discussion*

Purdue first moves for costs and attorney's fees for Taleyarkhan's failure to appear at the first two depositions Purdue scheduled. Federal Rule of Civil Procedure 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

(2) Sanctions in the District Where the Action Is Pending.

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the

> following:
>
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>> (iii) striking pleadings in whole or in part;
>> (iv) staying further proceedings until the order is obeyed;
>> (v) dismissing the action or proceeding in whole or in part;
>> (vi) rendering a default judgment against the disobedient party; or
>> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Similarly, a party may be sanctioned for failure to appear at his own deposition after being served with proper notice. **Rule 37(d)(1)(A)(i)**. "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." **Rule 37(d)(2).** The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve orderly disposition. *See* ***Chambers v. NASCO, Inc.,*** 501 U.S. 32, 44, 47,111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party)*;* ***Barnhill v. United States***, 11 F.2d 1360, 1367 (7th Cir. 1993).

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." ***Rice v. City of Chicago***, 333 F.3d 780, 784 (7th Cir. 2003) (citing *Williams v. Chicago Bd. of Educ*., 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. ***Collins v. Illinois,*** 554 F.3d 693, 696-98 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the

egregiousness of the party's conduct. **Barnhill**, 11 F.3d 1368.

Purdue seeks sanctions both because Taleyarkhan violated a court order and because he failed to attend his deposition twice despite receiving proper notice on both occasions. The court did not issue its order compelling Taleyarkhan to appear at his April 26, 2013 deposition until April 25, 2013. Although Purdue e-mailed Taleyarkhan a copy of the order, it is conceivable that Taleyarkhan did not have timely notice of the order. This argument has particular merit because Federal Rule of Civil Procedure 6 provides for three days to receive a document by mail. For this reason, the court does not believe that sanctions are warranted based on Taleyarkhan's failure to obey a court order.

Purdue scheduled and provided notice to Taleyarkhan to take his deposition on both April 1, 2013 and April 26, 2013. Taleyarkhan does not deny that he received the notice, but he argues that he did not attend because he had filed a motion to quash the deposition notice, that he was waiting for the court's ruling, and that he communicated his position to Purdue. Rule 37(d)(2) states that a failure to appear is not excused on the grounds that the discovery sought was objectionable unless the party has filed a motion for a protective order under Rule 26(c). Although Taleyarkhan did not file a motion for a protective order, he sought relief from the court to avoid his deposition. Given his *pro se* status, the court must be lenient and does not find that his belief was based in bad faith. Rather, it is conceivable that Taleyarkhan believed it was appropriate to wait until the court ruled on his pending motion. Otherwise, his motion would have been rendered moot. Additionally, it is not clear whether Taleyarkhan communicated his belief to Purdue. Purdue subsequently had the opportunity to take Taleyarkhan's deposition and some of the costs, particularly the costs incurred by the attorneys to prepare for the deposition,

would have arisen regardless of his attendance. For these reasons, the court **DENIES** Purdue's motion for sanctions [DE77].

Taleyarkhan also asked the court to sanction Purdue for failing to produce two of the five individuals whom he desired to depose. Taleyarkhan's only efforts to take the depositions were the two notices he filed with the court, which identified the five individuals whom he wanted to depose. Northern District of Indiana Local Rule 30-1 states that "[a]ttorneys must try in good faith to schedule depositions to avoid calendar conflicts." Although Taleyarkhan is not an attorney, it was not Purdue's responsibility to schedule his depositions. Taleyarkhan should have taken the initiative to contact Purdue and arrange for the depositions. Because Purdue did not engage in any behavior that is subject to sanctions, the court **DENIES** Taleyarkhan's motion for sanctions.

Turning to the question of whether Taleyarkhan should be permitted to take the depositions of the two individuals whom he was unable to depose within the discovery period, Taleyarkhan has not provided any explanation for why he waited until discovery was about to end to provide notice of the depositions. Moreover, Taleyarkhan made no attempts to schedule the depositions within the original discovery period. The court will not extend the discovery deadlines unless the party has shown good cause for his failure to comply with the court ordered deadlines. Although Taleyarkhan must be granted more leeway because of his *pro se* status, the court sees no reason to reward his laxness toward the discovery deadline. Additionally, Purdue already has filed a motion for summary judgment which has been fully briefed. The time has passed for Taleyarkhan to submit his evidence in support of his claim and allowing him to take the untimely depositions may prove futile.

Taleyarkhan also moves the court to compel Purdue to produce documents related to his case and to sanction Purdue for its failure to produce the documents. Purdue represents that it has made all of its documents available to Taleyarkhan and is unaware of what additional documents he seeks. "A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp*., 222 F.R.D. 594, 598 (E.D.Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." *Hagemeyer*, 222 F.R.D. at 598.

Taleyarkhan has not made the requisite showing that Purdue has other documents related to his claim. Although he claims that all of the documents Purdue made available for inspection were related to his 2007-2008 case, and not the pending matter, he has not identified any specific documents or category of documents that he believes are missing. Moreover, Purdue explained that it made all of its documents related to Taleyarkhan available for inspection, except for that which may be stored electronically. Purdue has agreed to make this information available as well, provided Taleyarkan absorb the expense. Taleyarkhan opposes this proposal although the parties agreed to the allocation of expenses for electronic discovery in their report of planning meeting. Taleyarkhan also complains that Purdue made the documents available for inspection, rather than producing the documents specific to his request. However, Rule 34 provides for such a response, and Purdue's decision to exercise this option is not subject to sanctions. For these reasons, Taleyarkhan's Renewed Motion to Compel [DE 86] is **DENIED.**

Taleyarkhan also filed a motion to deem Purdue's 2007-2008 investigation trial as a

8

mistrial. He explained that Adams of the Department of Navy oversaw a 2007-2008 investigation of his research misconduct. Adams later was found to be impartial during her investigation. Because the trial that Adams oversaw was impacted by personal bias, Taleyarkhan asks the court to declare the investigative trial a mistrial. However, this court does not have jurisdiction to declare the Navy's proceedings a mistrial. To the extent Taleyarkhan is alleging that his due process rights were violated, he would need to pursue these claims against the Navy. Taleyarkhan's Motion to Deem Defendant's 2007-2008 Investigation Trial as Invalid and a Mistrial [DE 91] is **DENIED.**

Taleyarkhan also moves for leave of court to join the Navy as a party. Federal Rules of Civil Procedure 15(a) and 21 govern the amendment of pleadings to add a party. Rule 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d. 222 (1962). Rule 21 states that "[p]arties may be dropped or added by order of the court on motion of any party of its own initiative at any stage of the action and on such terms as are just."

This Circuit has recognized that because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant. *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The Supreme Court stated that, "in the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--" motions

for leave to amend should be "freely" granted. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct 227, 230 (1962). The decision of the court to deny leave to amend a complaint is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007)(quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

A motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge v. Forest River, Inc*., 635 F.3d 870, 875-876 (7th Cir. 2011); *Winters,* 498 F.3d at 741; *See also James v. McCaw Cellular Communications, Inc*., 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where motion filed almost fifteen months after original complaint, ten months after joinder deadline, five months after deadline for amendments, and three weeks after defendant filed motion for summary judgment). The moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the complaint. *Butts*, 387 F.3d 921; *See also NL Industries, Inc. v. GHR Energy Corp*.*,* 940 F.2d 957 (5th Cir. 1991)(holding that court did not abuse its discretion in denying motion for leave to file second amended complaint where plaintiff sought to amend its pleading two years after it first brought defendant into litigation and after defendant had requested summary judgment, but plaintiff provided no good reason for not acting sooner).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

10

the amendment, futility of amendment, etc." ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "The court may deny a motion to amend based, at least in part, on the fact that the motion to amend was filed after the final deadline set by the court for the filing of amendments." **61A Am. Jur. 2d Pleading § 779 (2007).** *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc*., 933 F.2d 314 (5th Cir. 1991)(finding no abuse of discretion where motion to amend filed after final deadline set by court for filing of amendments and amendment of pleadings under circumstances would provide no benefit to movants).

Northern District of Indiana Local Rule 15-1 states that a party who seeks to amend his pleading "must reproduce the entire pleading as amended". Taleyarkhan did not attach his proposed amended pleading, and it is not clear what allegations he seeks to raise against the Navy. Moreover, the parties planning meeting states that the last day for the plaintiff to seek leave of court and to join additional parties and to amend pleadings was April 13, 2012. Taleyarkhan's motion comes well past the deadline, more than three years after he filed his complaint, and after Purdue's motion for summary judgment has been fully briefed. Taleyarkhan's motion is untimely and he has not provided any valid reason for his neglect and delay in seeking to amended his complaint. For this reason, his motion is **DENIED.**

Finally, Purdue filed a motion to strike the affidavits that Taleyarkhan submitted with his response in opposition to Purdue's Motion for Summary Judgment. Taleyarkhan requested additional time to respond to the plaintiffs motion to strike so that he could prepare new affidavits that cure the defects Purdue identified. Purdue already has filed its reply in support of its motion for summary judgment. If the court were to permit Taleyarkhan to submit new evidence, it would be prejudicial to Purdue because it would not have an opportunity to respond.

For this reason, Taleyarkhan's motion is **DENIED.**

Based on the foregoing reasons, the Motion for Costs and Attorney's Fees [DE 77] is **DENIED**; the Renewed Motion to Compel [DE 86] is **DENIED**; the Motion to Compel Defendant With Sanctions [DE 87] is **DENIED**; the Motion to Deem 2007-2008 Investigation as a Mistrial [DE 88] is **DENIED**; the Motion for Leave to Join USDod/Navy as Party [DE 101] is **DENIED;** and the Motion to Extend Time to Respond to Purdue's Motion to Strike [DE 107] is **DENIED.**

ENTERED this 22nd day of November, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge