UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RUSI P. TALEYARKHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10 CV 39 |
| | ) |
| PURDUE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Plaintiff Rusi P. Taleyarkhan alleges that in 2002, he led a team of scientific researchers in the discovery of sonofusion (often referred to as "bubblefusion"), a discovery that was considered highly significant because it marked the breaking of the fusion barrier for the first time in world history. In 2003, plaintiff began working for defendant Purdue University as a professor and researcher. While employed at Purdue, a university administrator began calling plaintiff's sonofusion research into question. The Office of Naval Research, an agency within the Department of Defense that advises the Navy, launched a federal investigation into plaintiff's work. The investigation resulted in the conclusion that plaintiff had committed misconduct. Plaintiff was eventually stripped of titles, funding, and positions on committees. He filed suit, *pro se*, against defendant almost four years ago, alleging that defendant violated Title VII of the Civil Rights Act and committed various torts. Plaintiff claims that he was wrongly accused of research misconduct and was harassed because of his Indian descent.

Presently before the court is plaintiff's *pro se* "Appeal for Reconsideration" (DE # 113) of an order issued on November 22, 2013, by Magistrate Judge Andrew P. Rodovich. In that order, Magistrate Judge Rodovich denied numerous motions and requests made by plaintiff. Plaintiff's filing is more properly characterized as a set of objections to a magistrate judge's pretrial order regarding nondispositive matters, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 72. In reviewing such objections, a district judge must set aside any part of the order that is clearly erroneous or contrary to law. FED. R. CIV. P. 72.[1]

Plaintiff first argues that he should be permitted to join the Department of Defense / Navy as a party in this case. Magistrate Judge Rodovich held that: (1) plaintiff did not attach his proposed amended pleading, making it unclear what allegations he sought to raise and difficult to determine whether adding a party would be appropriate; and (2) plaintiff's motion came past the deadline to amend pleadings, more than three years past the filing of the initial complaint, and after defendant's motion for summary judgment was filed, all with no explanation for the neglect and delay. Plaintiff's attempt to clarify his position in his objection does not help him. In his explanation, plaintiff admits that he cannot join the Navy as a party in this case until the Navy permits the suit, which it may or may not do after consideration of the complaint plaintiff made via

---

[1] Cross-motions for summary judgment are pending at this time, but because the present motion relates to discovery, amendment of the pleadings, and extensions of time related to the summary judgment briefing schedule, the court will address the present motion first; the cross-motions for summary judgment remain under advisement.

the Navy's internal procedures. Accordingly, plaintiff's objection to the magistrate judge's denial of his motion to add the Department of Defense / Navy as a party in this case has no merit.

Plaintiff also renews his request that this court declare the investigation by the Office of Naval Research a "mistrial." As the magistrate judge stated in its order denying this request, this court has no jurisdiction to do what plaintiff requests. No error was made by the magistrate judge on this point.

Plaintiff's next objection relates to his prior motion to compel defendant to produce documents. As Magistrate Judge Rodovich pointed out, plaintiff has not identified the specific documents or category of documents that he believes are missing, other than painting with extremely broad strokes. Further, Purdue states that it has made the requested documents available; though plaintiff objects to Purdue's choice to make documents available for inspection, rather than providing him with copies, FEDERAL RULE OF CIVIL PROCEDURE 34 permits Purdue to make that choice. Finally, though plaintiff cites to a portion of the planning meeting report suggesting that Purdue must produce electronically stored material at its expense, plaintiff cites to the wrong portion of the report. If plaintiff wishes to examine individual hard drives and servers in search of electronically-stored information related to him or this case, the expense would be his. (DE # 21 ¶ 3(B).) For these reasons, the court finds no error was made by the magistrate judge.

Plaintiff also objects to the magistrate judge's denial of plaintiff's motion to sanction defendant because plaintiff was unable to finish deposing members of defendant's staff to his satisfaction by the close of discovery. As Magistrate Judge Rodovich explained, plaintiff waited until his case had been pending for almost three years to conduct depositions, and when he finally scheduled them, he scheduled five depositions on the same day (the day before discovery closed), without conferring with defendant about the time, date, or location. Not surprisingly, he was unable to complete the depositions to his satisfaction. Plaintiff claims he was repeatedly thwarted in his attempts to schedule depositions, but the record belies this assertion. As Magistrate Judge Rodovich held, plaintiff has not provided sufficient explanation as to why he waited so long to conduct the depositions, and the court will not extend discovery deadlines without good cause, which has not been shown. The magistrate judge did not err on this point.

Finally, plaintiff objects to Magistrate Judge Rodovich's decision to deny plaintiff an extension of time within which to respond to defendant's RULE 56 motion to strike portions of the affidavits plaintiff filed in support of his response to defendant's motion for summary judgment. The magistrate judge held that plaintiff sought to introduce new evidence (in the form of revised affidavits), which would be prejudicial to defendant, who had already filed its reply brief in support of its motion for summary judgment. The court finds that Magistrate Judge Rodovich made no error in his ruling; in the face of an improperly supported assertion of fact, a judge may or may not permit

the erring party an opportunity to properly support or address the fact, and the decision is within his discretion. FED. R. CIV. P. 56(e). However, because plaintiff is proceeding *pro se*, the court will sustain this objection in the interests of justice and consider plaintiff's belated response (DE # 110) to defendant's RULE 56 motion to strike when it eventually rules on defendant's motion for summary judgment (DE # 96).

For the foregoing reasons, plaintiff's objections (DE # 113) are **SUSTAINED, in part, and OVERRULED, in part.**

**SO ORDERED.**

Date: January 16, 2014

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT